Slawson *vs.* M'Caffrey.

## No. 1007.

## No. 6047.

### ANSEY L. SLAWSON VS. JOHN M'CAFFREY ET ALS.

It is not vicious pleading to combine demands for damages arising *ex contractu* and *ex delicto* in one action, where all the damages resulted from the act or acts of the defendant connected with a single transaction.

The pendency of an intervention in a suit, in which a demand for damage *ex delicto* is made, will suspend prescription, but it begins to run from the date of judgment dismissing the claim, and not from the end of the year, for a devolutive appeal.

Where, in a tripartite suit, the plaintiff, defendant, and intervenor agree that the property they have seized shall be sold and the sheriff shall hold the proceeds to abide the result of the litigation, and two of them withdraw the proceeds from the sheriff, each shall be responsible to the third party for the sum he has respectively withdrawn. They are not responsible solidarily.

A liability does not become two-fold because two bonds cover it.

APPEAL from the Sixth District Court of New Orleans. SAUCIER, J.

*Blanc* for Plaintiff Appellant.    *McGloin & Nixon* for Defendants.

The suit is for damages for a wrongful issuance of an attachment. W. E. Hunt attached nineteen mules on a claim of over $3,000 against one O'Brien.    McCaffrey & Co. attached the mules on a claim of over $500 against O'Brien.    Slawson intervened, claiming ownership of the mules.    By agreement made in the Hunt suit the mules were sold, the proceeds to be held by the sheriff to abide the result of the litigation.    The two attaching creditors took an order to bond the proceeds in the sheriff's hands.    Hunt withdrew six-sevenths, and McCaffrey the residue, on their respective bonds.    The attachment suits resulted in a judgment for Slawson, recognizing his ownership, and reserving his claim for damages.    This suit is for the claim thus reserved, and is composed of three items; — $2,667 sum realized by sheriff for the mules; $1,400 loss on sale; $200 attorney's fee.

WHITE, J.    The defendants excepted no cause of action, that the petition was contradictory and unlawfully accumulated conflicting causes of actions, that it sought to recover the same thing both *ex contractu* and *ex delicto* and that the petition did not disclose what was claimed under these distinct causes, in addition, the prescription of one year was pleaded.    An answer was filed which especially reserved the exceptions, the latter were fixed, tried and submitted and were by order of court, referred to the merits, and were never passed on except as disposed of by the final decree.    They are now pressed on our attention, and were obviously not waived by the answer or by the reference to the merits.    The petition is not as clear as it might have been and seems to have been drawn with the intention of making all the claims up to the demand of the bonds or contracts as *ex contractu* and the surplus *ex delicto*.    However all vagueness as to the sum claimed on each cause of action was dispelled as upon the demand of the defendants, the plaintiff elected and declared that he predicated all his claim but the sum of $1,400 on the bonds and contracts, stated in his pleadings, the $1,400 being asked *ex delicto*.    The damages claimed having resulted from the acts of defendant, all connected with the attachment, it was not bad pleading to sue for the whole by one demand, on the bonds or contracts up to the amount thereof and the surplus *ex delicto*.

Slawson *vs.* M'Caffrey.

The petition certainly disclosed a cause of action. The prescription of one year was good as to the claim of *ex delicto*. C. C. 3536. The fact that the damages were prayed for in the intervention, whilst it may have suspended prescription during the pendency of the suit, did not prevent the commencement of the prescription from date of judgment, which practically dismissed the claim for damages as in case of non-suit, as they were not allowed and the right to demand them was reserved. The judgment was rendered July 2, 1872, this suit having been brought April 10, 1874. Even did we grant the proposition that the suspension created by the suit did not terminate with the finality of the judgment, but continued until the expiration of the year for a devolutive appeal, the prescription would be applicable as more than a year had elapsed from the ending of the time for a devolutive appeal, when this suit was brought. The argument that because the judgment on the intervention, reserved the right to claim damages, it therefore decreed them to be due, hence prescribed only by ten years, we consider so palpably fallacious as to require no further notice. The claim for the $1,400 was therefore prescribed, we so hold, and shall consider it no further. The first bond relied on, in order of date, is that given to obtain the attachment, its amount being $770. Philip McCabe the security thereon, being a defendant herein. That the plaintiff has an action thereon, as the law now stands, results from the text of the law. Acts. 1870, No. —, p. 18. The case of Lazardi *v.* Canal Bank, 25 A. 414, and other authorities cited by appellee were predicated on the terms of Art. 245 C. P. and not on the law as created by the act of 1870.

We think the plaintiff has fully shown damages, caused by the illegal seizure of the defendant, up to the amount withdrawn by defendant from the sheriff's hands, that is $334.60. When the seizure of the defendant was made, the mules, as we have seen were already in the hands of the sheriff under a prior writ, when that writ was executed they were advertised to be sold at public auction, the effect of the consent was s'mply to allow the sale to take place just as if no seizure had been made. The proceeds went into the hands of the sheriff to abide the result of the litigation, which consent was violated by the withdrawal of the amount in part by one, and the remainder by the other creditor. We think the measure of the defendant's liability is the extent of his violation of

the consent and no more. We do not sustain the proposition that the consent to deposit the money having been made by both creditors each became responsible for any violation by the other, in other words that there was solidarity between them. Solidarity is not presumed. C. C. 2073. The amount should, we think, bear interest from the date of the sale of the mules, viz., 27th of March, 1871. Besides this sum we think attorney's fees to the extent of one hundred and seventy-five dollars have been satisfactorily shown, the costs of sale we do not take it by the proof to have been caused by the attachment, the costs of the attachment proceedings we understand from the record to have been already made from the defendant. The second contract relied on is the consent to deposit and the violation of it by the withdrawal of the bonds, this we have disposed of, by allowing the damage, which the violation entailed.

The third is the bond given when the money was withdrawn, it being for $496, with John Ford as security. We are dispensed from considering whether, not being valid as a judicial bond, it could be enforced as a conventional, since we have already on the attachment bond allowed items as damages to an amount exceeding this bond, and which would be chargeable against it. Even were we to hold it good as a conventional bond, we could not, because two bonds covered one liability, make the liability twofold. If the security, John Ford, were herein sued we might be called upon to enforce the amount found due on the attachment bond and equally due on the release bond if enforceable, but he is not sued, and we therefore express no opinion as to the validity or legal efficacy of this bond.

*Judgment reversed.*